FILED
KJC
OCTOBER 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
CHARLOTTE, NC
OCT 8 2008
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

A CERTIFIED TRUE COPY
ATTEST
By Bonita Bagley on Oct 07, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Oct 07, 2008
FILED
CLERK'S OFFICE

IN RE: LENDING TREE, LLC, CUSTOMER
DATA SECURITY BREACH LITIGATION

MDL No. 1976

### TRANSFER ORDER

**Before the entire Panel**: Plaintiff in the first-filed action pending in the Western District of North Carolina moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of North Carolina. All responding parties agree that centralization is appropriate, but disagree on the most appropriate transferee district for this litigation. Plaintiff in a second Western District of North Carolina action (which has been consolidated for all purposes with the first-filed action) supports the motion. Defendants LendingTree, LLC (LendingTree) and Home Loan Center, Inc., support selection of the Western District of North Carolina as transferee district, while responding Northern District of Illinois and Central District of California plaintiffs suggest selection of the Central District of California as transferee district.

This litigation currently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Central District of California, the Northern District of Illinois and the Western District of North Carolina.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the alleged failure of LendingTree to limit access to and/or adequately safeguard private customer information in violation of the Fair Credit Reporting Act. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their

---

[1] Two additional actions originally on the Section 1407 motion – *Sylvia Carson v. Lending Tree, LLC*, W.D. North Carolina, C.A. No. 3:08-247, and *Angela Mitchell v. Home Loan Center, Inc., et al.*, W.D. North Carolina, C.A. No. 3:08-303 – have been consolidated for all purposes with the Western District of North Carolina *Spinozzi* action.

The Panel has been notified that three other related actions are pending in the Central District of California. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5 R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Certified to be a true and correct copy of the original.
U.S. District Court
Frank G. Johns, Clerk
Western District of N.C.
By: [signature] Betsy Wallace
Deputy Clerk
Date 10-8-08

counsel and the judiciary.

We are persuaded that the Western District of North Carolina is an appropriate transferee district for this litigation, because (1) LendingTree is headquartered in Charlotte, North Carolina, and parties, witnesses and documents may be found there, and (2) this district has the capacity to handle this docket and, in the past, has been underutilized as a transferee district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of North Carolina are transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Frank D. Whitney for coordinated or consolidated pretrial proceedings with the first, now consolidated, action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil          David R. Hansen
W. Royal Furgeson, Jr.

IN RE: LENDING TREE, LLC, CUSTOMER
DATA SECURITY BREACH LITIGATION             MDL No. 1976

## SCHEDULE A

Central District of California

Marvin Garcia v. Lending Tree, LLC, C.A. No. 8:08-841

Northern District of Illinois

Eugene Miller, Jr. v. Lending Tree, LLC, C.A. No. 1:08-2300

Western District of North Carolina

Constance Spinozzi v. Lending Tree, LLC, C.A. No. 3:08-229